[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 30, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14212
Non-Argument Calendar
_____

D. C. Docket No. 07-00018-CR-CDL-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER M. KING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(April 30, 2009)

Before TJOFLAT, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Christopher M. King appeals his 24-month statutory maximum sentence

upon revocation of supervised release, pursuant to 18 U.S.C. § 3583(e)(3). King contends that the district court erred in imposing a procedurally and substantively unreasonable sentence under *Gall v. United States*, 552 U.S. __, __, 128 S. Ct. 586, 597 (2007), especially because the Guidelines called for a range between 4 to 10 months' imprisonment.

On November 15, 2007, having pled guilty to one count of theft of a motor vehicle, the district court sentenced King to 6 months imprisonment, credited in full for time served, a $1,000 fine, and 3 years supervised release. King's term of supervised release began in November 2007. In January 2008, the probation office filed a petition for revocation, which as amended in May 2008, listed the following alleged violations of supervised release: (1) theft by receiving stolen property and fleeing and/or attempting to elude police officers on January 14, 2008; (2) unlawful possession of ecstasy on January 14, 2008; and (3) four counts of grand theft auto on military bases from December 7, 2007 through January 12, 2008. The district court held a hearing, heard witnesses, and sentenced King to 24 months imprisonment.

"We . . . review a district court's revocation of supervised release for an abuse of discretion." *United States v. Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008) (per curiam). "We review the sentence imposed upon the revocation of

supervised release for reasonableness." *Id.* In considering the reasonableness of a sentence, we employ an abuse of discretion standard. *United States v. Ellisor*, 522 F.3d 1255, 1273 n.25 (11th Cir. 2008). "Reasonableness" includes both procedural and substantive components. *Gall*, 552 U.S. at __, 128 S. Ct. at 597.

Procedural errors may include the district court's failure to calculate the Guidelines range correctly, treatment of the Guidelines as mandatory, failure to consider the factors in 18 U.S.C. § 3553(a), or failure to explain adequately the chosen sentence. *Id.* The district court should consider the § 3553(a) factors, as well as the defendant's arguments, at sentencing upon revocation of supervised release. *See United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam); 18 U.S.C. § 3583(e). Section 3553(c) requires the district court to state the reasons for imposing a particular sentence. However, the district court need not discuss each and every § 3553(a) factor in announcing the sentence. *See Talley*, 431 F.3d at 786.

In considering the substantive reasonableness of a sentence, we "may find that a district court has abused its considerable discretion if it has weighed the factors in a manner that demonstrably yields an unreasonable sentence." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). In other words, if the district court made a clear error in judgment in weighing the factors, this Court will

3

remand for resentencing. *Id.* If the sentence imposed lies outside of the Guidelines range, the degree of the variance is relevant to the substantive reasonableness of the sentence and, in general, "a major departure should be supported by a more significant justification than a minor one." *Gall*, 552 U.S. at __, 128 S. Ct. at 597. Generally, due deference is owed to "the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.*

Here, the district court did not abuse its discretion in sentencing King to a 24-month statutory maximum sentence. First, as to procedural reasonableness, the district court adequately considered the § 3553(a) factors, including (1) the nature and circumstances of the offense and the history and characteristics of King by discussing the short amount of time that elapsed between his first conviction and revocation, the similarity between the underlying offense and the conduct that led to revocation, and his possession of ecstasy; (2) the need to reflect the seriousness of the offense, to afford adequate deterrence, to promote respect for the law, to provide just punishment for the offense, and to protect the public by noting the futility of King's initial six-month sentence and the need to deter his escalating criminal activity; and (3) the advisory Guidelines range. Furthermore, the district court stated explicitly that it considered the § 3553(a) factors but that it found the advisory Guidelines range inadequate in light of the totality of the circumstances.

*See Talley*, 431 F.3d at 786 (concluding "that an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under *Booker*[1]").  Second, as to substantive reasonableness, the district court specifically justified its upward variance, considering (1) the similarity between the underlying offense and the conduct that led to revocation of his supervised release, i.e., auto theft from a military base in order to commit credit card fraud; (2) the short time span between the imposition of supervised release and the revocation, approximately two months; and (3) the fact that King, an army veteran, continued to steal from fellow soldiers.

Upon review of the record and the parties' briefs, we conclude that the district court did not abuse its discretion.  Accordingly, we affirm.

**AFFIRMED**.

---

[1] *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).